UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BBJ, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 12-11305-IT |
| MILLERCOORS, LLC, et al., | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANTS LOGO MASTERS INC. AND MARK BIERK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING LOGO MASTERS INC. AND MARK BIERK'S REQUEST FOR SANCTIONS

January 20, 2015

Before the court is the Motion to Dismiss [#18] and requests for sanctions [#32 at 7, #65] filed by Defendants Logo Masters Inc. and Mark Bierk ("the Logo Master defendants"). In her Report and Recommendation on Defendants' Motions to Dismiss ("Report and Recommendation") [#76], the Magistrate Judge recommended that the court grant the motion to dismiss for two separate reasons and deny the request for sanctions. The court ADOPTS the recommendation in part. As set forth herein, the court GRANTS the Logo Master defendants' motion to dismiss for lack of personal jurisdiction, DENIES as MOOT the Logo Master defendants' motion to dismiss for failure to state a claim, and DENIES the Logo Master defendants' request for sanctions.

I.  Legal Standard

A party may file "specific written objections" to a magistrate judge's Report and Recommendation on a dispositive motion within fourteen days of service of the recommended disposition. Fed.R.Civ.P. 72(b)(2). The district judge, in turn, "must determine de novo any part

of the magistrate judge's disposition that has been properly objected to." Id. 72(b)(3); see also 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note on 1983 addition.[1]

## II. The Logo Masters Defendants' Motion to Dismiss

The Report and Recommendation recommends granting the Logo Masters Defendants' motion to dismiss on two independent grounds. First, under Federal Rule of Civil Procedure 12(b)(2), the Magistrate Judge found that the plaintiffs "utterly failed" to demonstrate that the court had personal jurisdiction over the Logo Master defendants. Report and Recommendation at 11. Second, under Federal Rule of Civil Procedure 12(b)(6), the Magistrate Judge found that even assuming, *arguendo*, that the court had personal jurisdiction over the Logo Masters defendants, the plaintiffs failed to state a claim upon which relief could be granted as to these defendants.

Here, Plaintiffs timely objected to the second recommendation but were silent as to the first. See Objection of Plaintiffs B.B.J., Inc. and Weston O. Graves, Jr. to Magistrate Judge Kelley's Report and Recommendation on Defendants' Motion to Dismiss [#83]. Accordingly, Plaintiffs have waived any objection as to the recommendation that the court dismiss the complaint against the Logo Masters defendants for lack of personal jurisdiction. The court finds no clear error on the face of the record, and accordingly, adopts the magistrate judge's findings

---

[1] The Logo Masters defendants' request for sanctions was not a dispositive motion, and accordingly, the Magistrate Judge could have entered an order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Because the sanctions order was addressed in a Report and Recommendation, this court addresses the sanctions motion pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

2

and recommendation regarding the lack of personal jurisdiction, and grants the Logo Masters defendants' motion to dismiss on this ground.

The court has also considered the plaintiffs' objections to the recommendation that the court grant the motion to dismiss for failure to state a claim and the <u>Response by Defendants Logo Masters, Inc., and Mark Bierk to Plaintiff's Objection to Magistrate's Report and Recommendation</u> [#84]. The court need not address these objections and response on their merits for, in the absence of personal jurisdiction over the Logo Masters defendants, the motion to dismiss for failure to state a claim is moot.

III. <u>The Logo Masters Defendants' Request for Sanctions</u>

Although the Logo Masters Defendants continue to argue about sanctions in their response to Plaintiffs' objection, they did not file timely objections to the Report and Recommendation, and accordingly have waived any objection to the Magistrate Judge's recommended denial of the sanctions request. Again, finding no clear error on the face of the recommendation, the court accepts the Magistrate Judge's recommendation and denies the Logo Master defendants' request for sanctions.

IV. <u>Conclusion</u>

Accordingly, Defendants Logo Masters Inc. and Mark Bierk's <u>Motion to Dismiss</u> [#18] is GRANTED IN PART and DENIED IN PART. The motion to dismiss for lack of personal jurisdiction is GRANTED, and the motion to dismiss for failure to state a claim upon which relief may be granted is DENIED as MOOT. Defendants Logo Masters Inc. and Mark Bierk's request for sanctions is DENIED.

IT IS SO ORDERED.

January 20, 2015 /s/ Indira Talwani
United States District Judge