UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BBJ, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-11305-IT |
| | ) | |
| MILLERCOORS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING WITHOUT PREJUDICE MILLERCOORS, LLC, COORS BREWING COMPANY, MILLER BREWING COMPANY, AND RENEE CUSACK'S MOTION TO DISMISS

January 20, 2015

Before the court is the Motion to Dismiss [#10] filed by Defendants MillerCoors, LLC ("MillerCoors"), Coors Brewing Company ("Coors"), Miller Brewing Company ("Miller"), and Renee Cusack ("Cusack") (collectively, the "MillerCoors Defendants"). In her Report and Recommendation on Defendants' Motions to Dismiss ("Report and Recommendation") [#76], the Magistrate Judge recommended that the court grant the MillerCoors Defendants' motion to dismiss based on the forum selection clause in an agreement between MillerCoors and Plaintiffs. The court ADOPTS the recommendation that the forum selection clause is enforceable as to MillerCoors, but DENIES the recommendation as to Coors, Miller, and Cusack. Because this decision creates new issues not briefed by the parties and leaves open various issues not reached by the Magistrate Judge, the court HOLDS that the forum selection clause is enforceable as to MillerCoors and that Coors, Miller, and Cusack have not established that the clause is enforceable as to them. The court DENIES the motion WITHOUT PREJUDICE to allow the parties an opportunity to present motions and arguments in light of the court's findings.

I.      Legal Standard

A party may file "specific written objections" to a magistrate judge's Report and Recommendation on a dispositive motion within fourteen days of service of the recommended disposition. Fed. R. Civ. P. 72(b)(2). The district judge, in turn, "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. 72(b)(3); see also 28 U.S.C. § 636(b). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note on 1983 addition.

II.     The Forum Selection and Integration Clauses

The Magistrate Judge recommended granting the MillerCoors Defendants' motion to dismiss on the ground that the forum selection clause in the 2009 License Agreement provides that disputes under the Agreement shall be resolved by the state or federal courts in Colorado, and that the integration clause in that same Agreement provides that the Agreement supersedes prior agreements. Plaintiffs object to the recommended finding and ruling that the forum selection clause and integration clause in the 2009 Agreement with MillerCoors apply to claims arising out of a 2007 oral agreement and 2008 purchase order contract with Coors. The MillerCoors Defendants respond that the forum selection clause and integration clause apply to all claims, and that the interests of justice would be served by dismissing this action rather than transferring it to the District of Colorado. The court finds that Plaintiffs and MillerCoors have agreed, through the forum selection and integration provisions, that the proper forum for their dispute is Colorado. The court also finds, however, that the other defendants have not established that they are covered by this same forum selection provision.

    A. <u>MillerCoors</u>

The Magistrate Judge's recommendation to grant the motion to dismiss was based on the forum selection clause and integration clause of the 2009 License Agreement with MillerCoors.

The forum selection clause provides that:

> All disputes under this Agreement shall be resolved by the courts of the State of Colorado including the United States District Court for Colorado and the parties consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to it [sic].

Doc. #13 at § 12.02. The integration clause provides in relevant part that:

> This Agreement . . . shall constitute the entire Agreement between LICENSEE and LICENSOR with respect to the subject matter hereof; [and] shall supersede all other previous negotiations, commitments and writings . . . .

<u>Id.</u> at § 12.07. "Licensor" is defined in the License Agreement as "MillerCoors LLC." <u>Id.</u> at 1. These provisions dictate that: (1) the only agreement concerning the subject matter of the contract that can be enforced between Plaintiffs and MillerCoors is the 2009 License Agreement; and (2) Plaintiffs and MillerCoors have agreed to resolve all disputes under the 2009 License Agreement in Colorado.

Plaintiffs argue that the Magistrate Judge improperly ignored Plaintiffs' claims arising from their oral agreement and purchase order with Coors. They fail to explain, however, how Coors's alleged actions give rise to <u>claims against MillerCoors</u> that are not subject to the forum selection clause. As the Magistrate Judge noted, even if Plaintiffs' claims against MillerCoors concerned an earlier agreement or other logoed items, the plain language of the License Agreement reflects that it applied to all such logoed items and integrated all prior agreements. Accordingly, and on review of the Amended Complaint and the 2009 License Agreement, the court agrees with the Magistrate Judge that Plaintiffs and MillerCoors have agreed, through the forum selection and integration provisions, that the proper forum for the dispute between

Plaintiffs and MillerCoors is Colorado. MillerCoors is entitled to enforce this forum selection clause.

B. Miller, Coors, and Cusack

The argument as to why the forum selection clause protects the other defendants is less clear. Plaintiffs' complaint confuses the issue by using the term "defendants" without specifying which defendant is at issue. Nonetheless, there seems little dispute that Miller, Coors, and Cusack are separate parties, are not signatories to the License Agreement, and do not appear to have any obligations under the 2009 Agreement. Such non-parties generally are not bound by such an agreement. See E.E.O .C. v. Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."); Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 631 (2009) (explaining that E.E.O .C. v. Waffle House referred to an entity "which obviously had no third-party obligations under the contract in question").[1] While "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel,'" Arthur Andersen LLP, 556 U.S. at 631 (quoting 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed.2001)), Defendants have made no showing that any of these principles apply to Miller, Coors, or Cusack.

Defendants argue that Miller, Coors, and Cusack should have the benefit of the License Agreement because they are "closely related" on two grounds. First, Defendants point out that Plaintiffs' allegations relating to the 2009 License Agreement "are incorporated in counts against each of the defendants." Doc. #11, at 8. Plaintiffs' Amended Complaint certainly is not a model of clarity. That said, the fact that allegations against one defendant are combined in causes of

---

[1] While both of these cases dealt with arbitration clauses, the Supreme Court has explained that "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause . . . ." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974).

actions with allegations against other defendants does not make those defendants subject to the 2009 License Agreement.

Second, Defendants argue that they are closely related because MillerCoors is a joint venture of Miller and Coors, and Cusack is an employee of Coors. Miller and Coors, however, remain separate entities from MillerCoors and have made no suggestion here that their interests are somehow derivative of MillerCoors's interests, or that it was in any way foreseeable that Miller, Coors, or Coors's employee would be bound by the forum selection clause entered into with MillerCoors, or that Miller, Coors, and Cusack's conduct was related to the 2009 License Agreement. The district court cases relied on by Defendants are thus distinguishable. See Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071-FDS, 2011 WL 1326667, at *8-9 (D. Mass. Mar. 31, 2011) (finding clearly foreseeable that Disney Resorts was subject to forum-selection clause entered into with Disney Travel where plaintiffs purchased a vacation package through Disney Travel for a stay at a resort owned by Disney Resorts, and "were not aware of the difference between Disney Resorts and Disney Travel employees during telephone calls with Disney representatives"); D.I.P.R. Mfg., Inc. v. Perry Ellis Int'l, Inc., 472 F. Supp. 2d 151, 154 (D.P.R. 2007) (holding that nonparty who admitted that party to agreement did business through non-party, asserted that non-party and party complied with all of their obligations under the Agreement, and economically benefitted from the agreement was subject to agreement's forum selection clause).

Accordingly, the court concludes that Defendants have not shown that Plaintiffs' claims against Miller, Coors, and Cusack are subject to the forum selection clause.

III. Proper Means to Enforce the Forum Selection Clause as to MillerCoors and the Remaining Issues Raised in the MillerCoors Defendants' Motion to Dismiss

Plaintiffs, when confronted with the recommended dismissal of all claims, argued that the interest of justice favored transfer rather than dismissal because most, if not all, of their claims against the MillerCoors Defendants will be time-barred by the applicable statutes of limitation should the case be dismissed and Plaintiffs refile in Colorado. Doc. #83, at 11-12. The MillerCoors Defendants, again with the Magistrate Judge's recommendation that the entire action should be dismissed, agreed with Plaintiffs' assertion that claims will be time-barred, but argued that the court should nonetheless dismiss the case pursuant to 28 U.S.C. § 1406(a).

It does not appear that either of these arguments were raised with the Magistrate Judge. The Supreme Court has recently rejected the use of 28 U.S.C. § 1406(a) in forum selection cases, finding that venue is not "improper" for purposes of that statute based on a forum selection clause. Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S.Ct. 568, 579-80 (2013) ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in [28 U.S.C.] § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) . . . ."). Instead, a forum selection clause "may be enforced through a motion to transfer under § 1404(a)" or, if the clause points to a state or foreign forum, "through the doctrine of forum non conveniens," and not through an improper venue § 1406(a) or Rule 12(b)(3) motion. Id. Here, however, Defendants have not sought to transfer under 28 U.S.C. § 1404(a).

Instead, Defendants moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). The Supreme Court in Atlantic Marine Constr. Co. explicitly declined to express a view as to whether a Rule 12(b)(6) motion is a proper alternative for enforcing a forum selection clause. See id. at 580. The First Circuit has concluded that the use of Rule 12(b)(6) to evaluate

6

forum selection clauses is still permissible in this circuit, but has also noted that it is the "practice for dismissals due to forum selection clauses to be dismissed without prejudice so the case may be refiled in the appropriate forum." <u>Claudio-De Leon v. Sistema Universitario Ana G. Mendez, No. 13-1198, 2014 WL 7269767, at *5 & n.3 (1st Cir. Dec. 22, 2014)</u>. The court is confronted here with the fact that such a dismissal, even if labeled "without prejudice," will have the effect of barring suit against MillerCoors. Such an enforcement of the forum selection clause would not allow the resolution of the dispute in the agreed upon forum but rather, would serve as a bar to Plaintiffs' claims, a result perhaps contrary to the Supreme Court's decision in <u>Atlantic Marine Constr. Co.</u>

The appropriate resolution is further complicated by this court's determination that the forum selection clause can be enforced by MillerCoors, but not Miller, Coors, and Cusack. If the action is dismissed against MillerCoors as urged by the MillerCoors Defendants, the case would remain in this district for further proceedings relating to Miller, Coors, and Cusack. Alternatively, if the case is transferred, the entire case must be transferred or Plaintiffs must successful move to sever the claims against Miller, Coors, and Cusack. The MillerCoors Defendants' motion to dismiss raised additional arguments not yet reached by the Magistrate Judge, Doc. #86, at 7 n.1, but MillerCoors has not stated if the court should reach these additional arguments as to MillerCoors in light of the finding that Plaintiffs and MillerCoors have selected another forum for the resolution of their disputes.

In light of these issues, the court is denying the MillerCoors Defendants' motion to dismiss without prejudice. The parties shall present to the court a proposed schedule for resolving the threshold issues presented by the motions to dismiss and the issues remaining following this court's finding regarding the forum selection clause. The court anticipates such a

schedule could include the filing of an amended complaint replacing the term "defendant" or "defendants" with the specific party referenced (but not adding causes of action or parties), joint or separate motions to transfer the action to the District of Colorado pursuant to 28 U.S.C. § 1404, joint or separate motions to sever the claims against MillerCoors pursuant to Federal Rule of Civil Procedure 21 and to dismiss or transfer them based on the forum selection clause, and renewed motions to dismiss based on grounds other than the forum selection clause.

IV. Conclusion

For the foregoing reasons,

1. The MillerCoors Defendants' Motion to Dismiss [#10] is DENIED without prejudice;

2. Within two weeks of this order, the parties shall confer and file a joint statement setting forth a single proposed schedule (or if no agreement can be reached, a single statement setting forth the competing proposals) for resolving the threshold issues presented by the motion to dismiss and the issues remaining following this court's finding regarding the forum selection clause.

IT IS SO ORDERED.

January 20, 2015

/s/ Indira Talwani
United States District Judge