UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BBJ, INC. and WESTON O. GRAVES, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-11305-IT |
| | * | |
| MILLERCOORS, LLC, COORS BREWING COMPANY, MILLER BREWING COMPANY, and RENEE CUSACK, | * * * * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 6, 2015

TALWANI, D.J.

I.   Introduction

Presently before the court are Miller Brewing Company's ("Miller") Rule 12(c) Motion for Judgment on the Pleadings [#163] and MillerCoors, LLC's ("MillerCoors") Rule 12(c) Motion for Judgment on the Pleadings [#164].[1]

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). A Rule 12(c) motion differs from a Rule 12(b)(6) motion primarily in that it "implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). In reviewing a Rule 12(c) motion, the court views "the facts contained in the

---

[1] The court will address Renee Cusack and Coors Brewing Company's Rule 12(c) Motion for Judgment on the Pleadings [#162] in a separate order.

pleadings in the light most favorable to the party opposing the motion . . . and draw[s] all reasonable inferences in [that party's] favor." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007). "Dismissal is only appropriate if the pleadings, so viewed, fail to support a 'plausible entitlement to relief.'" Kimmel & Silverman, P.C. v. Porro, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)).

II.   Miller's Rule 12(c) Motion

Miller moves for judgment on the pleadings on all remaining counts against it, including Counts II (Chapter 93A under a commercial disparagement theory) and IX (commercial disparagement).[2] Miller offers three arguments for judgment on the pleadings.

First, Miller argues that Plaintiffs fail to sufficiently allege special damages for purposes of their commercial disparagement claim. Special damages are an "essential element of a cause of action for commercial disparagement." HipSaver, Inc. v. Kiel, 984 N.E.2d 755, 770 (Mass. 2013). Under Federal Rule of Civil Procedure 9(g), "[i]f an item of special damages is claimed, it must be specifically stated." Ordinarily, a plaintiff can meet the obligation to plead special damages with specificity in one of two ways. The plaintiff can either (1) identify the names of particular customers that plaintiff lost as a result of the publication of the disparaging statement, or (2) plead facts showing that the false statement was "widely disseminated" and that plaintiff suffered a "loss of the market" after the publication. See HipSaver, 984 N.E.2d at 772-73; see also Bose Corp. v. Consumers Union of U.S., Inc., 57 F.R.D. 528, 530 (D. Mass. 1973) (citing Bowman Remedy Co. v. Jensen Salsbery Labs., 17 F.2d 255, 261 (8th Cir. 1926)); Browning v. Clinton, 292 F.3d 235, 245 (D.C. Cir. 2002).

---

[2] The court notes that is has stricken from Plaintiffs' Third Amended Complaint [#127] Counts I, IV, XI, XII, and XIII against Miller. See Order [#137].

Here, Plaintiffs allege that Miller published false statements on the internet that Plaintiffs "were not forthright and acted outside of . . . Defendants' policies," that Miller's false statements caused customers to regard Plaintiffs as "dangerous" and "dishonest," and that Miller's false statements resulted in the loss of customers. See Third Am. Compl. ¶¶ 88-93. Plaintiffs further identify the names of particular customers that Plaintiffs allegedly lost as a result of Miller's statements, id. ¶ 95, as well as Plaintiffs' sales figures for those customers, id. ¶ 96. Ultimately, Plaintiffs bear the burden to prove these allegations, but Plaintiffs' allegations suffice at this stage to plead special damages.[3]

Second, Miller argues that Miller's alleged statements—that Plaintiffs "were not forthright and acted outside of . . . Defendants' policies"—constitute statements of opinion, rather than actionable statements of fact. "In the defamation context, an expression of 'pure opinion' is not actionable." HipSaver, 984 N.E.2d at 765 n.11. "However, '[a] statement cast in the form of an opinion may imply the existence of undisclosed facts on which the opinion purports to be based, and thus may be actionable.'" Id. (quoting King v. Globe Newspaper Co., 512 N.E.2d 241, 246 (Mass. 1987)). The Massachusetts Supreme Judicial Court has left open the question of "whether the same analysis would apply in the commercial disparagement context." Id.

Assuming that statements of "pure opinion" are not actionable for commercial disparagement claims, Plaintiffs sufficiently allege that Miller made a false statement of fact. Miller's alleged statements that Plaintiffs "were not forthright" and "acted outside of . . .

---

[3] While Plaintiffs' allegations meet the low threshold set by Twombly, moving forward, Plaintiffs have the burden of establishing that particular defendants made specific disparaging statements to particular audiences. Plaintiffs must also prove that such statements—rather than other circumstances or conduct—caused Plaintiffs to lose the customers identified in the complaint.

Defendants' policies" can be plausibly construed to assert a verifiable statement of fact—that Plaintiffs violated Defendants' policies and were dishonest in doing so. Moving forward, whether Miller's allege statements are statements of opinion or fact will likely depend on the factual circumstances and context in which the statements were made. See Lyons v. Globe Newspaper Co., 612 N.E.2d 1158, 1162 (Mass. 1993) (reasoning that when determining whether statements are opinions, courts must view the statements in context, including the words used and the surrounding circumstances). At this stage, however, Plaintiffs' allegations suffice.

Finally, Miller moves for judgment on the pleadings on Count II (Chapter 93A) on the ground that Plaintiffs fail to allege that Miller engaged in sufficiently "extreme or egregious" conduct. Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a). In determining whether conduct is unfair, courts "look to (1) whether the practice . . . is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009) (citation omitted).

Following this court's prior orders, Plaintiffs' Chapter 93A claim is based on a commercial disparagement theory. Plaintiffs allege that Miller made disparaging statements about Plaintiffs "to cause Plaintiffs to suffer . . . damages" and "with the knowledge the statements were false, or with reckless disregard to the falsity of the statements." See Third Am. Compl. ¶¶ 93-94. In considering all of the circumstances alleged in the complaint, the court concludes that Plaintiffs allege a plausible Chapter 93A claim. See Dulgarian v. Stone, 652 N.E.2d 603, 609 (Mass. 1995) ("Defamatory statements are actionable under G.L. c. 93A.");

4

Ellis v. Safety Ins. Co., 672 N.E.2d 979, 986 n.15 (Mass. App. Ct. 1996) ("[T]he conduct complained of in [plaintiff's] extant slander claim may be actionable under G.L. c. 93A."). Accordingly, Miller's motion for judgment on the pleadings is denied.

III.   MillerCoors's Rule 12(c) Motion

MillerCoors moves for judgment on the pleadings on the remaining counts against it, including Counts II (Chapter 93A under a commercial disparagement theory), IX (commercial disparagement), and X (RICO). For the reasons discussed above, Plaintiffs state plausible claims for commercial disparagement and violation of Chapter 93A under a commercial disparagement theory. Accordingly, MillerCoors's motion for judgment on the pleadings is denied as to Counts II and IX. Plaintiffs' claim in Count X, however, is subject to dismissal.

In Count X, Plaintiffs bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In support of their claim, Plaintiffs allege that "[o]n information and belief, Defendants Coors and MillerCoors knowingly . . . may have submitted federal and state tax returns that may contain expenses incurred by the corporation from its agents and distribution sales personnel offering gift cards, trips and other inducements." See Third Am. Compl. ¶ 102. Plaintiffs further allege that "Coors' and MillerCoors' filing of false and misleading federal tax returns are a predicate act that violate the Civil RICO law." Id. ¶ 104.

To state a claim under RICO, a plaintiff must allege that the defendant conducted "an enterprise" through a "pattern" of "racketeering activity." Libertad v. Welch, 53 F.3d 428, 441 (1st Cir. 1995). Moreover, under RICO's civil damages provision, a plaintiff must allege facts demonstrating that he was "injured in his business or property by reason of" the defendant's RICO violation. See 18 U.S.C. § 1964(c); see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ("[T]he plaintiff only has standing if, and can only recover to the extent that, he has

been injured in his business or property by the conduct constituting the [RICO] violation."). "Constitutional standing requires an 'injury in fact,' a 'causal connection between the injury and the conduct complained of,' and a likelihood that 'the injury will be redressed by a favorable decision.'" In re Auerhahn, 724 F.3d 103, 116 (1st Cir. 2013) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  Plaintiffs fail to allege or otherwise demonstrate facts indicating that they suffered an injury caused by MillerCoors's allegedly false tax returns or MillerCoors's alleged "inducements" to "distribution sales personnel."  Accordingly, Count X is dismissed for lack of standing.

IV.     Conclusion

For the above-stated reasons, Miller's Rule 12(c) Motion for Judgment on the Pleadings [#163] is DENIED and MillerCoors's Rule 12(c) Motion for Judgment on the Pleadings [#164] is ALLOWED IN PART and DENIED IN PART.  MillerCoors's motion is ALLOWED as to Count X (RICO), and DENIED as to Counts II (Chapter 93A) and IX (commercial disparagement).

IT IS SO ORDERED.

Date:   November 6, 2015

/s/ Indira Talwani
United States District Judge