UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BBJ, INC. and WESTON O. GRAVES, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-11305-IT |
| | * | |
| MILLERCOORS, LLC, COORS BREWING COMPANY, MILLER BREWING COMPANY, and RENEE CUSACK, | * * * * | |
| | * | |
| Defendants. | * | |

ORDER

November 13, 2015

TALWANI, D.J.

Defendants' Assented to Motion for Entry of Protective Order [#172] is ALLOWED with the following limitation.

Any party seeking to file a document under seal must file a motion with the court and demonstrate good cause for the impoundment. References to the document's designation as "confidential" pursuant to the parties' Protective Order or to an agreement between the parties concerning redaction, without more, do not suffice to establish good cause. Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'" as to why the document should be sealed. United States v. Kravetz, 706 F.3d 47, 60 (1st Cir. 2013) (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987); see also Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of

potential harm, not on conclusory statements." (citation omitted)).

   IT IS SO ORDERED.

November 13, 2015                   /s/ Indira Talwani
                                 United States District Judge